IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DOUGLAS JACKSON,<br>ID # 1460648,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:24-CV-2727-S-BW |
| STATE OF TEXAS, et al.,<br>Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff Paul Douglas Jackson's Application to Proceed In Forma Pauperis, with accompanying inmate trust fund account statement, and Motion for Appointment of Counsel, both received on October 29, 2024. (Dkt. Nos. 4-5.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss Jackson's case without prejudice unless he pays the $405.00 filing fee by December 2, 2024, or by some other deadline established by the Court. The motion for appointment of counsel is **DENIED** without prejudice.

## I. IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(2), a federal district court may authorize a prisoner plaintiff to pursue a civil action in forma pauperis when he submits a financial affidavit and a certified copy of his trust fund account statement, or institutional equivalent, for the six-month period preceding the filing of his complaint that

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

establish his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The determination of whether to grant or deny an application to proceed in forma pauperis rests within the sound discretion of the Court. *See id.*

Here, Jackson's inmate trust account statement shows that he has a current balance of $2,411.38 and an average monthly balance of $3,375.55 for the six-month period preceding the filing of his complaint. (*See* Dkt. No. 4 at 3.) These amounts show that Jackson has sufficient funds to pay the full filing fee.[2] Based on this information, the Court should find that Jackson has failed to show that payment of the $405.00 filing fee would cause him undue financial hardship and deny his application to proceed in forma pauperis.

## II. APPOINTMENT OF COUNSEL

Jackson also moves for the appointment of counsel in this case on the grounds that he cannot afford counsel, is limited by his imprisonment, and is a layman in the field of law. (*See* Dkt. No. 5 at 1.)

---

[2] The Prison Litigation Reform Act ("PLRA") requires that all prisoners who bring a civil non-habeas action must pay the full filing fee, although the fee may be paid in installments where leave to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(b)(1). As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account. The $55 administrative fee will not be deducted.

"Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). A court's decision whether to appoint counsel is based "on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.'" *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Considering each of these factors, the Court finds that they do not weigh in favor of the appointment of counsel at this early stage of the litigation. Jackson has not shown that this civil rights action is complex or any reason why he cannot adequately research, investigate, or present this case on his own beyond the same limitations of any prisoner pursuing a civil action. It also is unclear at this stage of the proceedings whether the evidence in the case will consist of conflicting testimony requiring particular skill in its presentation or cross-examination, and Jackson's filings to date do not indicate any basis to believe that appointment of counsel will shorten trial or assist in a just determination. If this case proceeds to trial, the Court may reconsider on its own motion whether the appointment of counsel is warranted.

Accordingly, the Court **DENIES** Jackson's Motion for the Appointment of Counsel without prejudice.

## III. RECOMMENDATION

The Court should **DENY** Jackson's Application to Proceed In Forma Pauperis, received on October 29, 2024 (Dkt. No. 4), and dismiss his case without prejudice unless he pays the $405.00 filing fee by December 2, 2024, or by some other deadline established by the Court.

**SO RECOMMENDED** on November 1, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).